Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
1225 E Divisadero St
Fresno, CA 93721
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: service@kevinglittle.com

Attorneys for Plaintiff Karo Stepanyan

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARO STEPANYAN,<br><br>               Plaintiff,<br><br>       vs.<br><br>CITY OF FRESNO, a municipal corporation; MICHAEL D. FLORES, in his official capacity only; GEORGE VALDES, in his individual capacity; MICHAEL CARBAJAL, in his individual capacity; and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>  1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)<br>  2. EXCESSIVE FINE (EIGHTH AMENDMENT)<br>  3. PROCEDURAL & SUBSTANTIVE DUE PROCESS (FOURTEENTH AMENDMENT)<br>  4. UNCONSTITUTIONAL TAKING (FIFTH AMENDMENT)<br>  5. VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (BANE ACT)<br>  6. DECLARATORY RELIEF (28 U.S.C. § 2201)<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.   This is a civil rights action seeking declaratory and injunctive relief, as well as monetary damages, for the City of Fresno's imposition and enforcement of an excessive administrative fine in violation of the Eighth Amendment to the United States Constitution and Article I, section 17 of the California Constitution, and for violations of due process under the Fourteenth Amendment.

- 1 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

2. Plaintiff Karo Stepanyan is the owner of residential rental property at 2335 East Thomas Avenue, Fresno, California. Without providing Plaintiff any notice or opportunity to correct the alleged violation—as required by California Government Code § 53069.4—Defendants Valdes and Carbajal, acting as code enforcement officers for the City, issued Administrative Citation No. E24-06332.1 imposing a $158,000 fine based on the discovery of cannabis plants cultivated by a third party without Plaintiff's knowledge.

3. The fine is grossly disproportionate to the gravity of any offense attributable to Plaintiff, bears no relationship to any actual harm, exceeds the value of the property itself, and violates the Excessive Fines Clause. The administrative proceeding that affirmed the fine was fundamentally unfair: the City's officers relied on evidence (cannabis plants) that was destroyed by a state agency (the Department of Cannabis Control) before Plaintiff could inspect or test it; the hearing officer (Defendant Flores) was structurally biased (paid by the City and prohibited by City policy from reducing the fine below $100,000 even if excessive); and Plaintiff was never given a reasonable opportunity to correct the alleged violation before the fine was imposed.

4. Plaintiff brings this action under 42 U.S.C. § 1983 for the federal constitutional violations and under California Civil Code § 52.1 (the Bane Act) for the state constitutional violation. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. § 2201 and California Code of Civil Procedure § 1060.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as they arise under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). No exhaustion of administrative remedies is required for claims brought under 42 U.S.C. § 1983.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as the City is located in this District, a substantial part of the events giving rise to the claims occurred in this District, and the subject property is located in Fresno County, California.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

7. Plaintiff has fulfilled all prerequisites to filing this action under state law, including presenting a timely claim for damages under California Government Code §§ 900 et seq., and filing this action within six months of the rejection of said claim.

**PARTIES**

8. Plaintiff Karo Stepanyan is an individual and a citizen of the United States residing in Burbank, California. He is the owner of the real property located at 2335 East Thomas Avenue, Fresno, California (APN 452-236-35).

9. Defendant City of Fresno (the "City") is a municipal corporation organized under the laws of California, located in Fresno County. The City acted under color of state law in issuing and enforcing the citation. The acts complained of herein were performed pursuant to the City's official policies, practices, or customs, including Fresno Municipal Code provisions that authorize excessive fines (FMC § 12-2105), prohibit hearing officers from reducing excessive fines below $100,000 (FMC § 1-409(g)), and fail to provide required correction periods for unknowing property owners.

10. Defendant Michael D. Flores is the Independent Administrative Hearing Officer who presided over Plaintiff's administrative appeal and issued the final Decision and Order confirming the citation and fine. He is sued only in his official capacity for prospective injunctive and declaratory relief. As a hearing officer paid by the City and operating under FMC § 1-409(g), he lacks the neutrality required by due process. No damages are sought against Defendant Flores.

11. Defendant George Valdes is, and at all relevant times was, a Senior Community Revitalization Specialist (Code Enforcement Inspector) for the City of Fresno. He issued Administrative Citation No. E24-06332.1 to Plaintiff, participated in the plant count, and was directly involved in the enforcement actions against Plaintiff. He is sued in his individual capacity for damages for his personal involvement in the constitutional violations alleged herein. He acted under color of state law. At most, qualified immunity applies, but the constitutional rights violated were clearly established.

12. Defendant Michael Carbajal is, and at all relevant times was, a Community Revitalization Specialist (Code Enforcement Inspector) for the City of Fresno. He posted the Notice and Order at

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**KGL**
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

the Property, spoke with Plaintiff on June 20, 2024, and participated in the inspection and enforcement actions. He is sued in his individual capacity for damages for his personal involvement in the constitutional violations alleged herein. He acted under color of state law. At most, qualified immunity applies, but the constitutional rights violated were clearly established.

13. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who sues them by fictitious names. Plaintiff will amend this complaint when their identities are ascertained. Each Doe defendant is individually liable for the violations alleged herein.

**FACTUAL ALLEGATIONS**

A.     <u>Plaintiff's Ownership and Lease of the Property</u>

14. Plaintiff owns the residential property at 2335 East Thomas Avenue, Fresno, California (the "Property").

15. Since approximately 2018, the Property has been leased to Antonio Skinner under a written rental agreement. The lease expressly prohibits illegal activity on the premises, including the cultivation of cannabis.

16. Mr. Skinner's rent is partially subsidized by the federal Section 8 housing assistance program, which requires annual inspections of the Property. No Section 8 inspection ever identified cannabis cultivation at the Property.

17. Plaintiff resides in Burbank, California, and does not personally occupy the Property. He relies on a local property manager to collect rent and monitor the Property for repairs.

18. In approximately August 2023, Mr. Skinner left California for an extended period. During his absence, the residence was broken into twice. Mr. Skinner's foster brother, Patrick Ray Caldwell, was given a key to check on the Property but was not authorized to live there or to cultivate cannabis.

B.     <u>Discovery of Cannabis and Issuance of Citation</u>

19. On May 16, 2024, the Fresno Police Department served a search warrant at the Property and discovered cannabis plants.

LAW OFFICE OF KEVIN G. LITTLE<br>KGL<br>Fresno | San Francisco | San Diego

- 4 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

20. On May 30, 2024, the California Department of Cannabis Control ("DCC"), a state agency, executed a separate search warrant at the Property. DCC Detective Salvador Betancourt, Fresno Police, and Defendants Valdes and Carbajal participated.

21. Defendant Valdes testified that he and DCC detectives counted 158 cannabis plants. Detective Betancourt testified that he did not personally count the plants.

22. DCC seized samples of the cannabis plants—a two-pound sample and trimmings from five random plants—and destroyed the remainder of the 158 plants on the same day, purportedly under California Health and Safety Code § 11479. The samples were later destroyed after testing. Defendants Valdes and Carbajal, as City code enforcement officers, participated in the inspection, relied on the destroyed plants as the basis for the plant count, and failed to take any steps to preserve independent evidence or to verify the count before the destruction occurred. They also failed to provide Plaintiff with any opportunity to inspect or photograph the plants before destruction.

23. Plaintiff had no knowledge of the cannabis cultivation. He first learned of the cultivation when he received the administrative citation.

24. On June 14, 2024, Defendant Valdes issued First Administrative Citation No. E24-06332.1 to Plaintiff and to Patrick Ray Caldwell. The Citation alleged violations of Fresno Municipal Code sections 10-605(j), 10-605(l), 12-2104, 12-2105, 15-104(A)(2), and 15-6304. The Citation imposed a fine of $158,000, calculated as $1,000 for each of the 158 alleged cannabis plants.

25. The Citation ordered abatement by July 2, 2024. However, the cannabis plants had already been seized and destroyed by DCC on May 30, 2024—more than two weeks before the Citation was even issued.

26. The City, through Defendants Valdes and Carbajal, did not provide Plaintiff with any written notice of the violation or a reasonable opportunity to correct the violation before imposing the $158,000 fine. The City's first written communication to Plaintiff was the Citation itself, issued on June 14, 2024.

C.    The Administrative Appeal and Hearing

27. Plaintiff timely appealed the Citation.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

28. An administrative hearing was held before Defendant Flores on September 3, 2025, and December 22, 2025.

29. Defendant Flores overruled Plaintiff's objections to the admission of evidence derived from the destroyed cannabis plants, relying on Health and Safety Code section 11479, which governs criminal cases and does not apply to civil administrative proceedings.

30. Defendant Flores found that the 2014 version of FMC section 12-2104 (prohibiting "marijuana cultivation by any person") applied, but also relied on FMC section 10-605 (public nuisance) to hold Plaintiff liable as the property owner regardless of knowledge or participation.

31. Defendant Flores rejected Plaintiff's excessive fine and due process arguments, concluding that the $158,000 fine was not constitutionally excessive.

32. On January 12, 2026, Defendant Flores issued a written Decision and Order confirming the Citation and the $158,000 fine.

D.    The City's Policies, Practices, and Customs (Monell Allegations)

33. Fresno Municipal Code § 12-2105(b) provides that the fine for cannabis cultivation is $1,000 per plant, with no discretion to reduce the fine based on the owner's lack of knowledge, ability to pay, or absence of harm. This policy caused the excessive fine imposed on Plaintiff.

34. Fresno Municipal Code § 1-409(g) provides that even if a hearing officer finds a fine constitutionally excessive, the hearing officer may not reduce it below $100,000. This policy caused the due process violation by denying Plaintiff a meaningful hearing.

35. The City has a policy and practice of imposing $1,000 per plant fines on property owners without providing the reasonable correction period required by Government Code § 53069.4(a)(2)(E). This policy caused the deprivation of Plaintiff's statutory entitlement to notice and an opportunity to correct.

36. The City has a policy and practice of relying on evidence (cannabis plants) that is destroyed by state agencies without taking steps to preserve the evidence for property owners, and of failing to provide owners any opportunity to inspect or challenge the evidence before it is destroyed. This policy caused the evidentiary deprivation that rendered Plaintiff's hearing fundamentally unfair.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**KGL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco | San Diego

37. The City pays Defendant Flores as an independent contractor. The fines he confirms generate revenue for the City. This financial relationship, combined with FMC § 1-409(g), is a policy or custom that creates a structural bias in administrative hearings, violating due process.

38. The City's final policymaker—the City Council—adopted FMC §§ 12-2105(b) and 1-409(g) and failed to adopt procedures to comply with Government Code § 53069.4 or to preserve evidence for property owners. The City's policies were the moving force behind the constitutional violations alleged herein.

### FIRST CAUSE OF ACTION

Violation of 42 U.S.C. § 1983 – Excessive Fines Clause (Eighth Amendment)

(Against City, Valdes, Carbajal, and Does)

39. Plaintiff incorporates by reference paragraphs 1 through 38.

40. The Eighth Amendment, made applicable to the states and local governments through the Fourteenth Amendment prohibits excessive fines.

41. A fine is excessive if it is grossly disproportional to the gravity of the defendant's offense.

42. The $158,000 fine is grossly disproportionate for the following reasons:

(a) Culpability: Plaintiff did not cultivate, possess, sell, or benefit from the cannabis. He had no knowledge. His lease prohibited illegal activity.

(b) Harm: The City suffered no actual harm. The plants were destroyed the same day they were discovered. No fire, theft, violence, or injury occurred.

(c) Comparable penalties: The City's own code imposes far lower fines for more serious violations (e.g., building code violations: $100–$500 per day).

(d) Ability to pay: The Property is worth less than $100,000. The fine exceeds the property's value and is confiscatory.

43. Defendants Valdes and Carbajal, acting under color of state law, issued and enforced theCitation imposing the excessive fine. The City, through its policies, caused the imposition of the excessive fine.

44. As a direct and proximate result, Plaintiff has suffered damages, including the threat of enforcement of the unconstitutional fine, lien on his property, and emotional distress.

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**SECOND CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Procedural Due Process (Fourteenth Amendment)

(Against all Defendants)

45. Plaintiff incorporates by reference paragraphs 1 through 44.

46. The Fourteenth Amendment prohibits states and local governments from depriving any person of property without due process of law.

47. Plaintiff has a protected property interest in avoiding the imposition and enforcement of an excessive administrative fine, and in receiving notice and an opportunity to be heard before being deprived of that interest.

48. Defendants deprived Plaintiff of this property interest without procedural due process in the following ways:

(a)    Failure to provide a reasonable correction period (Gov. Code § 53069.4(a)(2)(E)). California Government Code § 53069.4(a)(2)(E) requires that where a violation occurs on tenant-occupied property, the lease prohibits the illegal activity, and the owner has no knowledge, the agency shall provide a reasonable correction period before imposing a fine. Defendants Valdes and Carbajal provided none. This deprivation of a statutory entitlement violates due process.

(b)    Void for vagueness. FMC § 12-2105(b) fails to give adequate notice of the fine calculation. It does not specify whether the $1,000 per plant fine is assessed once or per day, nor when the $100 per day fine begins to accrue. This vagueness encouraged arbitrary enforcement and violated due process.

(c)    Reliance on destroyed evidence. Defendants Valdes and Carbajal relied on cannabis plants that were destroyed by DCC before Plaintiff could inspect or test them. They failed to preserve any independent record or to provide Plaintiff an opportunity to verify the plant count. This reliance on unavailable evidence rendered the hearing fundamentally unfair and violated due process.

(d)    Biased tribunal – structural bias. Defendant Flores is paid by the City as an independent contractor. The fines he confirms generate revenue for the City.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

Moreover, FMC § 1-409(g) prohibits Flores from reducing any fine below $100,000 even if he finds it constitutionally excessive. This financial interest and statutory limitation violate the due process requirement of a neutral decisionmaker.

    (e)    Lack of meaningful hearing. Because Defendant Flores cannot award effective relief (reduction below $100,000), the hearing was meaningless. Due process requires a hearing that can actually affect the outcome.

49. Defendants acted under color of state law. The City's policies caused these deprivations

50. As a direct and proximate result, Plaintiff has suffered damages, including the threat of enforcement of the invalid fine, lien on his property, and emotional distress.

**THIRD CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Substantive Due Process (Fourteenth Amendment)

(Against all Defendants)

51. Plaintiff incorporates by reference paragraphs 1 through 50.

52. Substantive due process protects against government action that is arbitrary, oppressive, or unreasonable and shocks the conscience.

53. Imposing a $158,000 fine on an unknowing property owner, without any notice or opportunity to correct, based on evidence that was destroyed before the owner could challenge it, and affirmed by a hearing officer who is prohibited from granting meaningful relief, is arbitrary, oppressive, and shocks the conscience.

54. Defendants' actions violate Plaintiff's substantive due process rights under the Fourteenth Amendment.

55. As a direct and proximate result, Plaintiff has suffered damages as described above.

**FOURTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Unconstitutional Taking (Fifth Amendment)

(Against City, Valdes, Carbajal, and Does)

56. Plaintiff incorporates by reference paragraphs 1 through 55.

57. The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

58. The $158,000 fine exceeds the value of the Property (less than $100,000). Enforcement of the fine will effectively confiscate Plaintiff's property.

59. The fine operates as a de facto taking without just compensation.

60. As a direct and proximate result, Plaintiff has suffered and will continue to suffer the loss of his property rights unless this Court grants relief.

### FIFTH CAUSE OF ACTION

Violation of California Civil Code § 52.1 (Bane Act) – Excessive Fine & Due Process

(Against all Defendants)

61. Plaintiff incorporates by reference paragraphs 1 through 60.

62. California Civil Code § 52.1 (the Bane Act) provides a cause of action against any person who interferes, or attempts to interfere, by threat, intimidation, or coercion, with the exercise or enjoyment of rights secured by the California Constitution.

63. Defendants' imposition of an excessive fine violates Article I, section 17 of the California Constitution (prohibiting excessive fines).

64. Defendants' denial of due process violates Article I, section 7 of the California Constitution.

65. Defendants' taking of property without just compensation violates Article I, section 19 of the California Constitution.

66. Defendants interfered with Plaintiff's constitutional rights by threats, intimidation, or coercion, including the coercive enforcement of the $158,000 fine, the threat of a lien on his property, and the threat of a special assessment on his property taxes.

67. As a direct and proximate result, Plaintiff has suffered damages. Plaintiff is entitled to attorney's fees and costs under California Civil Code § 52.1(h).

### SIXTH CAUSE OF ACTION

Declaratory Relief (28 U.S.C. § 2201 and Cal. Code Civ. Proc. § 1060)

(Against City and Defendant Flores in his official capacity)

68. Plaintiff incorporates by reference paragraphs 1 through 67.

69. An actual controversy exists between Plaintiff and the City regarding:

    (a)    Whether FMC § 12-2105(b) as applied violates the Eighth Amendment;

- 10 -

Case 1:26-cv-04522-JLT-SAB   Document 1   Filed 06/11/26   Page 11 of 12

(b)  Whether FMC § 1-409(g) violates the Due Process Clause;

(c)  Whether the City's failure to comply with Gov. Code § 53069.4(a)(2)(E) renders the citation void; and

(d)  Whether the administrative decision is entitled to any preclusive effect.

70. A judicial declaration is necessary and appropriate to resolve this controversy and prevent further harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Karo Stepanyan respectfully requests that this Court:

1.  Issue a declaratory judgment that Administrative Citation No. E24-06332.1 and the $158,000 fine are unconstitutional as an excessive fine under the Eighth Amendment, violate due process under the Fourteenth Amendment, and constitute an unconstitutional taking;

2.  Permanently enjoin the City and Defendant Flores (in his official capacity) from enforcing the citation, collecting the fine, recording a lien on the Property, or placing a special assessment on the Property;

3.  Award compensatory damages against Defendants Valdes and Carbajal (in their individual capacities) and against the City (under Monell) in an amount to be proven at trial, including but not limited to the value of the fine if paid, plus interest, and damages for emotional distress;

4.  Award punitive damages against Defendants Valdes and Carbajal in their individual capacities, as their actions (issuing the citation without notice, relying on destroyed evidence without preserving it for Plaintiff, failing to provide a correction period) were malicious, oppressive, or in reckless disregard of Plaintiff's constitutional rights;

5.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1(h); and

6.  Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

- 11 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

Dated: June 11, 2026
LAW OFFICE OF KEVIN G. LITTLE


*/s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiff Karo Stepanyan

**KGL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco | San Diego

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF